```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

IN RE: XIAOLAN ZHANG              :
_____
XIAOCHUN ZHANG, et al.            :
     Appellants

     v.                           :  Civil Action No. DKC 12-1287

                                  :

STEVEN H. GREENFELD
     Appellee                     :

### MEMORANDUM OPINION

Pending before the court is an appeal from an order entered by United States Bankruptcy Judge Paul Mannes on February 28, 2012, which denied the motion of Appellants Livecity Trading Company, Inc., Miue Yee "Mindy" Lam, M.Lady, LLC, Alan Howar, and Xiaochun Zhang to vacate the bankruptcy court's previous order entering judgment against Appellants as a sanction. Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the rulings of the bankruptcy court will be affirmed.

**I.   Background**

On March 9, 2010, Debtor Xiaolan Zhang filed a petition for relief under chapter 7 of the bankruptcy code in the United States Bankruptcy Court for the District of Maryland. On November 7, 2010, Steven H. Greenfeld, the chapter 7 trustee, commenced this adversary proceeding to resolve a dispute

regarding the ownership of certain jewelry and equipment that was discovered in a retail store leased by Debtor. Appellants Xiaochun Zhang and Howar were named as defendants in the original complaint. On March 20, 2011, the trustee was granted leave to add Appellants Lam, M.Lady, LLC, and Livecity Trading Co., Inc., as defendants.

The trustee alleges that on May 5, 2011, he served discovery requests on all defendants to the adversary proceeding, including Appellants, *via* the U.S.P.S. (ECF No. 14, at 9 (citing ECF No. 3-27, at Docket Entry 70). Appellants contend that they were unaware of the discovery requests until August 2011, when their attorney "became alarmed when he observed the docket entries indicating that other parties [we]re responding to the [trustee's] interrogatories." (ECF No. 6, at 2). Shortly thereafter, counsel for Appellants e-mailed the trustee's attorney, stating that he had not received any discovery requests and that "[i]f we haven't received them due to some 'delivery glitch' as our mail [] does at times end[] up at the office next door, they can be completed ASAP and delivered to your office by the middle of next week." (ECF No. 1-5, at 1). On September 14, 2011, counsel for the trustee sent the discovery requests *via* e-mail to Appellants' counsel. (ECF No. 1-6, at 1).

On November 10, 2011, counsel for the trustee e-mailed Appellants' attorneys, noting that he still had not received any responses and would be "forced to file a motion to compel" unless the responses were served by November 15, 2011 – the date of a previously scheduled inspection of the property at issue in this proceeding. (ECF No. 1-7, at 1). The trustee contends that, at the inspection, Appellants' counsel promised to deliver the responses by no later than November 25, 2011, but failed to do so. (ECF No. 14, at 10). Counsel for Appellants, in turn, emphasizes that he "met with certain difficulties" in attempting to respond to the discovery requests, including a sudden two-month coma suffered by one of the Appellants and the extensive foreign travels of another. (ECF No. 6, at 3).

On December 21, 2011, the trustee filed a motion for sanctions under Fed.R.Civ.P. 37(d) and Fed.R.Bankr.P. 7037, seeking entry of default judgment against Appellants. (ECF No. 1-3, at 1). On December 23, 2011, Appellants provided responses to the trustee's discovery requests. (ECF No. 6, at 2; ECF No. 14, at 12). The trustee refused to withdraw the sanctions motion because Appellants' unverified responses "were wholly inadequate." (ECF No. 14, at 12). Appellants did not oppose the sanctions motion.

On January 11, 2012, the bankruptcy court granted the trustee's motion, concluding that Appellants "failed to serve

3

their answers, objections, or a written response to the interrogatories and requests for production of documents properly served by the Trustee" and that "the legal and factual bases set forth in the Motion establish just cause for the relief sought therein." (ECF No. 1-4, at 2). Accordingly, the court entered judgment against Appellants and ordered that "[a]ny rights to, interests in, liens on, or other claims regarding the personal property that is the subject of this [adversary] action previously held by [Appellants] are hereby forfeit and deemed to have no effect." (*Id.*).

On January 12, 2012, Appellants filed a motion to vacate under Fed.R.Bankr.P. 9024, the bankruptcy equivalent of Fed.R.Civ.P. 60. (ECF No. 3-19). After a hearing, the bankruptcy court denied the motion on February 28, 2012, holding that the factual and legal arguments advanced by Appellants "fail[] to establish the requisite cause necessary" to vacate the sanctions order. (ECF No. 1-2, at 2).

On April 27, 2012, Appellants filed a notice of appeal with this court seeking review of "the Order on [Appellants'] Motion to Vacate entered on February 28, 2012." (ECF No. 1). After Appellants filed their brief one day late (ECF No. 6), the trustee moved to dismiss the appeal (ECF No. 8). That motion was denied on June 14, 2012 (ECF No. 13), and the trustee filed

4

his brief on June 21, 2012 (ECF No. 14).  Appellants did not file a reply.

**II.  Standard of Review**

When reviewing a bankruptcy court's final order, the district court acts as an appellate court.  Accordingly, legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error.  *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006).  An abuse of discretion standard applies to a bankruptcy court's orders denying either a Rule 60(b) motion, *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995), or a Rule 59(e) motion, *see EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).  The same deferential abuse of discretion standard applies to a bankruptcy court's orders denying or imposing discovery sanctions.  *Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 732 (4th Cir. 2006).  "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance."  *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted).

**III. Analysis**

As an initial matter, the parties dispute what is properly at issue in the instant appeal. Appellants noted an appeal from the bankruptcy court's order denying their motion to vacate (*see* ECF No. 1), but appear to contest the original order entering default judgment as a sanction in their brief (*see* ECF No. 6). The trustee argues that Appellants did not properly preserve any issues relating to the sanctions order itself. (ECF No. 14, at 2-7). The trustee's argument need not be reached, however, because there is no basis to reverse either the original sanctions order or the order denying the motion to vacate.

**A.   Sanctions Order**

As to the order imposing sanctions, the bankruptcy court was well within its discretion to enter judgment against Appellants based on their repeated failures to respond to the trustee's discovery requests. Federal Rule of Civil Procedure 37(d), applicable to the bankruptcy court pursuant to Fed.R.Bankr.P. 7037, governs sanctions for a party's failure to respond to discovery requests. The sanctions available under Rule 37(d) include, *inter alia*, "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(vi). The following four factors must be considered when entering default judgment as a sanction:  (1) whether the noncompliant party acted in bad faith; (2) the amount of prejudice the

6

party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Although the bankruptcy court's order did not make specific findings with respect to each of these factors, the record of the adversary proceeding clearly supports the entry of default judgment as a sanction. In light of Appellants' repeated failures to respond to the trustee's requests and the inadequacy of the responses they eventually provided, a finding of bad faith would have been warranted. Likewise, in seeking entry of default judgment, the trustee clearly explained that Appellants' pattern of unresponsiveness prejudiced him by precluding him from taking additional, follow-up discovery before the close of discovery. (ECF No. 1-3, at 7). Finally, it would not have been an abuse of discretion to conclude either (1) that repeatedly failing to respond to discovery requests is conduct that should be deterred; or (2) that a less severe sanction would not function as an effective deterrent. In sum, Judge Mannes had broad discretion to enter default judgment against Appellants as a discovery sanction, and there is no basis for concluding that he abused it.

B.  Order Denying Motion to Vacate

It was likewise within the discretion of the bankruptcy court to deny Appellants' motion to vacate.  Although Appellants cited Fed.R.Civ.P. 60(b) in their motion, a request for reconsideration filed within 28 days of a bankruptcy court order is typically treated as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9023.  *In re Corbin*, No. 05-90280-SD, 2006 WL 5737842, at *1-2 (Bankr.D.Md. Jan. 19 2006).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).  As a result, courts have recognized only three limited grounds for granting a Rule 59(e) motion to reconsider:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins.*, 148 F.3d at 403).  Additionally, it is axiomatic that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

8

judgment." *Pac. Ins.*, 148 F.3d at 403 (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)).

Appellants' motion to vacate did not raise any of the three grounds that warrant relief under Rule 59(e). (*See* ECF No. 3-19). More specifically, they did not identify any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that could have caused the bankruptcy court to alter its sanctions order. Rather, Appellants asserted (1) that their failures to respond were due to uncontrollable circumstances rather than any bad faith and (2) that the trustee was not prejudiced by their delay given the parties' agreement to extend discovery until December 30, 2011. (*Id.* at 2-4). In other words, Appellants made arguments that could have been raised had they timely filed an opposition to the trustee's motion. Thus, to the extent it construed the motion as one under Rule 59(e), the bankruptcy court was well within the bounds of its discretion in denying Appellants' request.

Appellants would fare no better if their motion had been construed as one to vacate under Rule 60(b). To obtain relief from a judgment or final order under Rule 60(b), a movant is required to meet certain "threshold conditions." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). Specifically, it must be shown that (1) the motion is timely, (2) the movant has a meritorious defense to the action, and

9

(3) the opposing party would not suffer unfair prejudice by having the judgment set aside. *Id.* Upon making this threshold showing, a party must also establish one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pac. Ins.*, 148 F.3d at 403.

Here, Appellants' motion to vacate apparently sought relief pursuant to Rule 60(b)(6) (*see* ECF No. 3-19, at 1), the catchall provision that applies only in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Appellants argued that their delay in responding to the trustee's discovery responses was caused, in part, by one Appellant's sickness and another's travel plans. (ECF No. 3-19). In his opposition, the trustee countered that Appellants had not established a meritorious defense; that setting aside the judgment would prejudice him; and that Appellants had not

10

established any ground for relief under Rule 60(b). (ECF No. 3-22, at 11-18). The trustee characterized Appellants' excuses as "hollow and irrelevant" and pointed out that they applied to only two of the five Appellants. (*Id.* at 2). The trustee further argued that Appellants' proffered explanations – even when considering the "remarkable event" of a two-month coma – could not justify the *seven-month* delay at issue in this case and therefore did not establish exceptional circumstances warranting relief under Rule 60(b)(6). (*Id.* at 18).

In his order, Judge Mannes agreed with the trustee, concluding that Appellants failed to "establish just cause" for vacating the sanctions order. (ECF No. 1-2, at 2). Based on the record establishing Appellants' history of dilatory action and the arguments advanced by the trustee, it cannot be said that this holding constituted an abuse of discretion, and there is no basis for reversal.

**IV. Conclusion**

For the foregoing reasons, the bankruptcy court's order entering judgment against Appellants and the order denying Appellants' motion to vacate will be affirmed. A separate order will follow.

                                     /s/
                          DEBORAH K. CHASANOW
                          United States District Judge

11